IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EARL RIDLEY,

    **Plaintiff,**

    v.                                                    CASE NO. 18-3060-SAC

SAM BROWNBACK,
Govenor, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Anthony Earl Ridley brings this *pro se* civil rights action under 42 U.S.C. § 1983. Although Plaintiff was incarcerated at the Lansing Correctional Facility at the time of filing, the acts giving rise to his Complaint occurred while he was in custody at El Dorado Correctional Facility in El Dorado, Kansas. The Court granted his motion to proceed *in forma pauperis*. On April 3, 2018, the Court entered a Notice and Order to Show Cause (Doc. 6) ("NOSC"), directing Plaintiff to either show good cause why his claims should not be dismissed for the reasons set forth in the NOSC or to file a proper amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 8). For the reasons discussed below, Plaintiff is ordered to show cause why his Amended Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff alleges that he was denied a special diet and religious text in accordance with his Hindu religion, and that he was excluded from chaplain services. Plaintiff names as Defendants: Governor Sam Brownback; Governor's Constituent Services Office; Joe Norwood, Secretary of Corrections; Warden James Heimgartner; Cindy Vanpay, Intake Investigator; UTM Agnew; Kansas Department of Corrections; State of Kansas; Volunteer Chaplain Putnam; and Volunteer

Chaplain Gaskill. Plaintiff seeks "$10,000,000 for monetary damages for violation of the Due Process Clause and First, Fifth, Eighth and Fourteenth Amendments, Universal Declaration of Human Rights (UDHR), Federal Conspiracy to Obstruct Justice Act, 42 U.S.C. 1985(2), (3), prospective injunctive relief and $3,000,000 for violation of Kan. Const. B. of R. (7), $7,000,000 for monetary damages for violations of Religious Land Use and Institutionalized Person Act (RLUIPA) and $30,000,000 for punitive damages for constitutional injury." (Doc. 8, at 40–41.)

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### 1. Exhaustion

The Court found in the NOSC that Plaintiff's Complaint is subject to dismissal because it appears that he has not exhausted his administrative remedies. In his Amended Complaint, Plaintiff alleges that he sent a letter to Governor Brownback and that he sent a grievance letter to the State Pardon Attorney. (Doc. 8, at 16.) Plaintiff alleges that Governor Brownback "commanded the Governor's Constituent Services Office to forward my correspondence I sent to him to the Secretary of Corrections' Office for response." *Id.* at 17. Plaintiff also alleges that Brownback "took no action." *Id.* Plaintiff also alleges that he sent two "grievances to Warden James Heimgartner and he would not take action to correct institutional civil rights violations." *Id.* at 8. Plaintiff also claims he "appealed #2 grievances to Joe Norwood and he would not take action to correct institutional civil rights violations." *Id.* at 15.

Plaintiff alleges that he exhausted administrative remedies by pursuing special procedures under K.A.R. 44-15-201. This provision allows an inmate to bring "the most difficult and complex problems" to the attention of a higher authority without going through the normal three-step grievance procedure outlined in K.A.R. 44-15-102. An inmate who invokes the special procedures provision may direct his grievance to the warden of the facility, the secretary of corrections, or the state pardon attorney. An official who receives an inappropriate complaint under this provision, however, may return it to the inmate and require him to use the normal grievance process. Only if

4

the official accepts and responds to the grievance does exhaustion occur under this provision. *Strope v. Collins,* 2006 WL 3390393, *3 (D. Kan. Nov. 22, 2006).

The Court found in the NOSC that the allegations in Plaintiff's Complaint contradict his contention that he has exhausted remedies under K.A.R. 44-15-201. (Doc. 6, at 6.) The Court found that:

> in response to plaintiff's letter – which he conclusorily alleges addressed "religious discrimination" – the secretary of corrections directed him to file a claim form and documentation of physical injury, which calls into question the actual issue or issues plaintiff attempted to grieve in this communication. Finally, because the communication from the secretary of corrections directed plaintiff to utilize this claim form and documentation procedure, the court cannot find that he or any official authorized to accept grievances under K.A.R. 44-15-201 has done so.

*Id.*

Plaintiff also claimed in Case No. 17-3214-SAC that he properly exhausted under K.A.R. 44-15-201. The Court dismissed that case for failure to exhaust administrative remedies, noting that Plaintiff failed to provide "evidence that the pardon attorney accepted or responded to his grievance, which would effectuate exhaustion under that regulation." *Ridley v. Kansas Dep't of Corr.*, Case No. 17-3214-SAC (Doc. 18). The Tenth Circuit Court of Appeals affirmed that decision, finding that:

> Even though Kansas Administrative Regulation 44-15-201(a) states that "any matter that can be internally handled" by the three-step process "shall not be considered as appropriate for the use of the official mail correspondence privilege," Ridley was under the impression that he was free to choose between either the three-step process or the official mail correspondence process. App'x at 32. Under this theory, he argues that he chose the latter. However, in Ridley's complaint and subsequent pleadings he does not allege that the state pardon attorney "accepted and responded to the grievances," *Strope*, 2006 WL: 3390393, at *3, thereby exhausting the administrative process. In fact, he claims the state pardon attorney never responded. App'x at 15.

5

*Ridley v. Kansas Dep't of Corr.*, No. 18-3055 (10th Cir. July 13, 2018) (unpublished) (footnote omitted). The Tenth Circuit found that Plaintiff "failed to allege the state pardon attorney took the extraordinary step of exercising his discretion to accept the matter as 'difficult and complex' enough to merit the official correspondence procedure." *Id.* at 5.

Plaintiff's instant case suffers from the same deficiencies. Therefore, because Plaintiff has not alleged that he exhausted Kansas' three-step process for prison grievances or received approval to circumvent that process, his Amended Complaint is subject to dismissal for failure to exhaust administrative remedies.

### 2. *Immunity*

The Court found in the NOSC that Plaintiff's claims against Sam Brownback, the Governor's Constituent Services Office, the Kansas Department of Corrections ("KDOC"), the State of Kansas, and any other state agency or employee are subject to summary dismissal based on sovereign immunity. Plaintiff alleges in his Amended Complaint that the language of the Eleventh Amendment "is actually pretty ambiguous," and that "'Sovereign Immunity' does not constitutionally exist in America." (Doc. 8, at 18.) However, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. *Levy v. Kan. Dep't of Soc. And Rehab. Serv.*, 789 F.3d 1164, 1168 (10th Cir. 2015). As such, any claim for monetary damages against the state, a state agency, or a state official in his or her official capacity is subject to dismissal as barred by sovereign immunity under the Eleventh Amendment. *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001). Accordingly, Plaintiff's claims against Sam Brownback, the Governor's Constituent Services Office, the State of Kansas, and any other state agency or employee are subject to summary dismissal.

*3. Conspiracy*

The Court found in the NOSC that Plaintiff's bare conspiracy allegations fail to state a claim upon which relief may be granted. Plaintiff's Amended Complaint does not cure this deficiency. To state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.* Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone. Such a conclusory allegation fails to state a plausible claim for relief and is subject to dismissal.

*4. Injunctive Relief*

Plaintiff also seeks injunctive relief. Because Plaintiff is no longer incarcerated, his requests for injunctive relief are moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from

7

one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated, his claims for injunctive relief are moot and subject to dismissal.

### 5. *Damages*

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff claims in his Amended Complaint that his damages are for "emotional injury, loss of enjoyment of life, dispiritedness and mental distress" (Doc. 8, at 21); for "emotional injury, loss of enjoyment of life, dispiritedness, mental distress and bodily damage" (Doc. 8, at 26, 32); and for "emotional injury and mental distress"

8

(Doc. 8, at 28, 30). Plaintiff alleges no facts to support his bald allegation of "bodily damage." *See Herring v. Tabor*, No. 9:12-cv-1739 (GLS/DEP), 2014 WL 2946545, at *9 (N.D. N.Y. June 30, 2014) (adopting report and recommendation) (stating that where plaintiff contends that he suffered "seriously bodily harm" such allegations are either wholly conclusory or insufficient to satisfy the physical injury requirement under section 1997e(e)).

Plaintiffs also seeks punitive damages, which are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiff's request for punitive damages is subject to dismissal.

### *6. Frivolousness*

In the NOSC, the Court notes that Plaintiff "acknowledges that he has filed in this court two other cases that deal with the same facts involved in this action or otherwise relate to the conditions of his confinement." (Doc. 6, at 3); *see also Ridley v. Sedgwick Cty. Sherriff's Office*, No. 18-3011-SAC (dismissed for failure to exhaust administrative remedies); *Ridley v. Kansas Dep't of Corr.*, Case No. 17-3214-SAC; *Ridley v. Board of Sedgwick Cty. Comm'rs*, No. 18-3097-SAC, Doc. 7 (dismissed for failure to state a claim). The Tenth Circuit Court of Appeals affirmed this Court's dismissal of Case No. 17-3214-SAC based on Plaintiff's failure to exhaust. *See Ridley v. Kansas Dep't of Corr.*, No. 18-3055 (10th Cir. July 13, 2018) (unpublished).

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir.

9

2015) (unpublished) (citing *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)).

### 7. UDHR and State Law Claims

Plaintiff also fails to state a claim under the Universal Declaration of Human Rights. "[T]he Universal Declaration of Human Rights is merely a resolution of the United Nations" and, as such, is "simply [a] multination declaration[ ]" that is not "binding on the United States or on this court." *Chen v. Ashcroft*, 85 F. App'x. 700, 704 (10th Cir. 2004); *see also Dartez v. Peters*, No. 15-03255-EFM-DJW, 2017 WL 2774670, *6 (D. Kan. June 27, 2017) (finding that "despite the 'moral authority' of the Universal Declaration of Human Rights, it does not 'impose obligations as a matter of international law,' nor does it provide a basis for Dartez's § 1983 claim.") (citations omitted).

Plaintiff's allegations regarding violations of the Kansas Constitution or other Kansas laws cannot support a claim under § 1983, because "a plaintiff must allege a deprivation of a *federally* protected right under color of state law." *Id.* (citing *Thompson v. Galetka*, 42 F. App'x 397, 399 (10th Cir. 2002)) (emphasis added). "A violation of state law alone does not give rise to a federal cause of action under § 1983." *Id.* (citing *Thompson*, 42 F. App'x at 399).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper second amended complaint

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended

in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **January 2, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **January 2, 2019**, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 14th day of December, 2018.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**

---

complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3060-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.