IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EARL RIDLEY,

    **Plaintiff,**

    v.                      CASE NO. 18-3060-SAC

SAM BROWNBACK,
Govenor, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Anthony Earl Ridley brings this *pro se* civil rights action under 42 U.S.C. § 1983. Although Plaintiff was incarcerated at the Lansing Correctional Facility at the time of filing, the acts giving rise to his Complaint occurred while he was in custody at El Dorado Correctional Facility in El Dorado, Kansas. The Court granted his motion to proceed *in forma pauperis*. On April 3, 2018, the Court entered a Notice and Order to Show Cause (Doc. 6) ("NOSC"), directing Plaintiff to either show good cause why his claims should not be dismissed for the reasons set forth in the NOSC or to file a proper amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 8). On December 14, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff until January 2, 2019, to either show good cause why his Amended Complaint should not be dismissed or to file a proper second amended complaint. Plaintiff has failed to respond within the allowed time.

Plaintiff alleges that he was denied a special diet and religious text in accordance with his Hindu religion, and that he was excluded from chaplain services. Plaintiff names as Defendants: Governor Sam Brownback; Governor's Constituent Services Office; Joe Norwood, Secretary of Corrections; Warden James Heimgartner; Cindy Vanpay, Intake Investigator; UTM Agnew;

1

Kansas Department of Corrections; State of Kansas; Volunteer Chaplain Putnam; Volunteer Chaplain Gaskill; Chaplain J. George; and (fnu) (lnu) Chaplaincy Department. Plaintiff seeks "$10,000,000 for monetary damages for violation of the Due Process Clause and First, Fifth, Eighth and Fourteenth Amendments, Universal Declaration of Human Rights (UDHR), Federal Conspiracy to Obstruct Justice Act, 42 U.S.C. 1985(2), (3), prospective injunctive relief and $3,000,000 for violation of Kan. Const. B. of R. (7), $7,000,000 for monetary damages for violations of Religious Land Use and Institutionalized Person Act (RLUIPA) and $30,000,000 for punitive damages for constitutional injury." (Doc. 8, at 40–41.)

The Court found in the MOSC that because Plaintiff has not alleged that he exhausted Kansas' three-step process for prison grievances or received approval to circumvent that process, his Amended Complaint is subject to dismissal for failure to exhaust administrative remedies; Plaintiff's claims against Sam Brownback, the Governor's Constituent Services Office, the State of Kansas, and any other state agency or employee are subject to summary dismissal; Plaintiff's bare conspiracy allegations fail to state a claim upon which relief may be granted; because Plaintiff is no longer incarcerated, his requests for injunctive relief are moot; Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind; Plaintiff fails to state a claim under the Universal Declaration of Human Rights; and Plaintiff's allegations regarding violations of the Kansas Constitution or other Kansas laws cannot support a claim under § 1983.

The Court has previously noted that Plaintiff "acknowledges that he has filed in this court two other cases that deal with the same facts involved in this action or otherwise relate to the

conditions of his confinement." (Doc. 6, at 3); *see also Ridley v. Sedgwick Cty. Sherriff's Office*, No. 18-3011-SAC (dismissed for failure to exhaust administrative remedies); *Ridley v. Kansas Dep't of Corr.*, Case No. 17-3214-SAC; *Ridley v. Board of Sedgwick Cty. Comm'rs.*, No. 18-3097-SAC, Doc. 7 (dismissed for failure to state a claim). The Tenth Circuit Court of Appeals affirmed this Court's dismissal of Case No. 17-3214-SAC based on Plaintiff's failure to exhaust. *See Ridley v. Kansas Dep't of Corr.*, No. 18-3055 (10th Cir. July 13, 2018) (unpublished).

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (unpublished) (citing *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)).

The Court stated in the MOSC that "[i]f Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint." Plaintiff has failed to respond to the MOSC within the prescribed time.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 4th day of January, 2019.**


<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**