# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY EARL RIDLEY,

    **Plaintiff,**

    v.                                            CASE NO. 18-3060-SAC

SAM BROWNBACK,
Govenor, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Anthony Earl Ridley brings this *pro se* civil rights action under 42 U.S.C. § 1983. Although Plaintiff was incarcerated at the Lansing Correctional Facility at the time of filing, the acts giving rise to his Complaint occurred while he was in custody at El Dorado Correctional Facility in El Dorado, Kansas. The Court granted his motion to proceed *in forma pauperis*. On April 3, 2018, the Court entered a Notice and Order to Show Cause (Doc. 6) ("NOSC"), directing Plaintiff to either show good cause why his claims should not be dismissed for the reasons set forth in the NOSC or to file a proper amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 8). On December 14, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff until January 2, 2019, to either show good cause why his Amended Complaint should not be dismissed or to file a proper second amended complaint. Plaintiff failed to respond, and the Court dismissed this case for failure to state a claim on January 4, 2019. On May 9, 2019, Plaintiff filed a "Motion for Reconsideration of Void Judgment and Partial Summary Judgment" (Doc. 13).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or

1

judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed more than 28 days after the entry of the order, the Court will treat it as a motion under Rule 60. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted ).

Plaintiff does not assert relief under any of the subsections in Rule 60(b), but he does title his motion as a "motion for reconsideration of void judgment." Rule 60(b)(4) provides that the Court may relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter,

or of the parties, or acted in a manner inconsistent with due process of law." *Alford v. Cline*, 2017 WL 2473311, at *2 (10th Cir. June 8, 2017) (unpublished) (quoting *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002)).  "Because § 1915A requires a district court to dismiss a prisoner's civil action for failure to state a claim as soon as practicable, a judgment dismissing such an action before service of process isn't void for lack of personal jurisdiction." *Robertson v. Kansas*, 624 F. App'x 969, 971 (10th Cir. 2015) (unpublished).

Due process is satisfied if "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied." *Alford*, 2017 WL 2473311, at *2 (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)). Plaintiff does not dispute that he received adequate notice or the opportunity to present his arguments. *See United States v. Rogers*, 657 F. App'x 735, 738 (10th Cir. 2016) (unpublished) (finding that Rule 60(b)(4) argument failed where the court considered party's claims, discussed the claims, and adequately addressed party's arguments). A judgment is not void merely because it is or may have been erroneous. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); *Buck*, 281 F.3d at 1344 ("[A] judgment is not void merely because it is erroneous."). A Rule 60(b)(4) motion "is not a substitute for a timely appeal." *Espinosa*, 559 U.S. at 270 (citations omitted).

Plaintiff has not shown that relief under Rule 60(b)(4) or any other subsection of Rule 60(b) is warranted. Furthermore, Plaintiff's request for partial summary judgment is completely frivolous. This case was dismissed for failure to state a claim, and defendants were never served because the case did not survive the Court's screening under 28 U.S.C. § 1915A. Plaintiff's motion is denied and this case remains closed.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Reconsideration of Void Judgment and Partial Summary Judgment (Doc. 13) is **denied.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 10th day of May, 2019.**

<pre>                              <u>**s/ Sam A. Crow**</u>
                              **Sam A. Crow**
                              **U.S. Senior District Judge**</pre>